UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALEC  H. FROMBERG,                              )
        Plaintiff,                          )
                                            )
        v.                                  )          C.A. No.   15-14183-LTS
                                            )
CITY OF MARLBOROUGH, et al.,                     )
        Defendants.                         )

## MEMORANDUM AND ORDER

SOROKIN, D.J.

    For the reasons stated below, the court (1) grants the plaintiff's motion for leave to proceed *in forma pauperis*; (2) dismisses the Marlborough Police Department as a defendant; (3) denies the motion to appoint counsel without prejudice; (4) denies the motion for preliminary injunction and  (5) directs the plaintiff to show cause why the claims against the City of Marlborough should not be dismissed, or he shall file an amended complaint.

I.    Background

    On December 17, 2015, pro se litigant Alec H. Fromberg ("Fromberg") filed a one-page complaint against the City of Marlborough and the Marlborough Police Department.  With the complaint, Fromberg filed motions for leave to proceed *in forma pauperis*, for appointment of counsel and for preliminary injunction.  See Docket.

    As best can be gleaned from the motion for preliminary injunction, Fromberg seeks to have this federal court enjoin state criminal proceedings stemming from disorderly conduct charges that were filed on November 15, 2015.  See Docket No. 4.  Fromberg seeks an order directing "the police to leave [plaintiff] alone and that the case against [plaintiff] by the commonwealth (sic) of Massachusetts be officially thrown out [barred from ever reinstating these charges]."  Id.

The one-page civil rights complaint recounts events surrounding Fromberg's effort to report an assault on November 4, 2014, by an unknown female and the subsequent filing of criminal charges against Fromberg by the Marlborough police.  <u>See</u> Compl.  Fromberg contends that the police told him to "speak [or be] arrested" and that he was questioned as though he "was the criminal and not the victim."   Two weeks after the incident, officer Gaurco informed Fromberg that "he had charged [plaintiff] with paying for sex and filing a false police report."  Fomberg alleges that Gaurco was laughing and bragging.   Fromberg seeks speedy judgment against the City of Marlborough and the City of Marlborough police department for unlawful charges and prosecution attempts.

II.      <u>Motion for Leave to Proceed *In Forma Pauperis*</u>

Upon review of the plaintiff's motion for leave to proceed *in forma pauperis*, the Court concludes that he has shown that he is without assets to pay the filing fee.  Accordingly, the Court ALLOWS the motion.

III.     <u>Screening</u>

Because the plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2).  This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).  In conducting this review, the court liberally construes the plaintiff's complaint because he is proceeding pro se.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atl.</u>

Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation

omitted).  The court accepts as true the factual allegations of the complaint, draws all reasonable

inferences in favor of the plaintiff that are supported by the factual allegations, and determines

whether the complaint, so read, sets forth a claim for recovery that is " 'plausible on its face."

Eldredge v. Town of Falmouth, 662 F.3d 100, 104 (1st Cir. 2011) (quoting Ashcroft v. Iqbal, 556

U.S. at 678 (quotation marks omitted)).

       A plaintiff's complaint need not provide an exhaustive factual account, only a short and

plain statement.  Fed.R.Civ.P. 8(a).  However, the allegations must be sufficient to identify the

manner by which the defendant subjected the plaintiff to harm and the harm alleged must be one

for which the law affords a remedy.  Iqbal, 556 U.S. at 678.  Legal conclusions couched as facts

and "threadbare recitals of the elements of a cause of action" will not suffice.  Iqbal, 556 U.S. at

678.  See also Ocasio–Hernandez v. Fortuno–Burset, 640 F.3d 1, 12 (1st Cir. 2011).

IV.    The Complaint is Subject to Dismissal

       As an initial matter, the complaint does not comply with the pleading requirements of

Rule 8 of the Federal Rules of Civil Procedure.  This rule requires, among other things, that a

complaint include "a short and plain statement of the claim showing that the pleader is entitled to

relief."  Fed. R. Civ. P. 8(a)(2).  At a minimum, the complaint must "give the defendant fair

notice of what the plaintiff's claim is and the grounds upon which it rests."  Calvi v. Knox

County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v.

Hernández, 367 F.3d 61, 66 (1st Cir.  2004)).  This means that the statement of the claim must

"at least set forth minimal facts as to who did what to whom, when, where, and why."  *Id.*

3

(quoting Educadores, 367 F.3d at 68).  Although Fromberg contends that he was subjected to

misconduct by the police, his complaint mentions only one office by name.

To the extent Fromberg asserts a civil rights claim against the Marlborough Police

Department, the complaint fails to state a claim under 42 U.S.C. § 1983.  To establish a claim

under Section 1983, Fromberg must establish that a person acting under the color of law denied

him a right secured by the Constitution or by federal law.  The Marlborough Police Department

is not an entity subject to suit for alleged violations of the plaintiff's civil rights.  Cronin v. Town

of Amesbury, 895 F.Supp. 375 (D. Mass. 1995) (granting summary judgment in favor of town

police department as not a proper defendant in 1983 action); Curran v. City of Boston, 777

F.Supp. 116 (D.Mass. 1991) (dismissing civil rights claims brought under 42 USC 1983 against

the Boston Police Department); see also Dwan v. City of Boston, 329 F.3d 275, 275, n.1 (1st Cir.

2003) (noting that the City of Boston was substituted for the police department because the

department is not a suable entity).

Fromberg contends that Officer David Gaurco told him that he filed charges against

Fromberg based on events that Fromberg alleges "he knew never happened and that they had

made the entire allegations up."  See Compl.  Although it is plaintiff's burden to identify the

specific constitutional rights infringed, imposition of false charges could rise to a due process

violation.  Limone v. Condon, 372 F.3d 39, 44-45 (1st Cir. 2004)) ("if any concept is

fundamental to our American system of justice, it is that those charged with upholding the law

are prohibited from deliberately fabricating evidence and framing individuals for crimes they did

not commit. Actions taken in contravention of this prohibition necessarily violate due process

(indeed, we are unsure what due process entails if not protection against deliberate framing

4

under color of official sanction)").  However, conclusory allegations, such as those in Fromberg's complaint, are insufficient to state a plausible civil rights claim.

As to the civil rights claim against the City of Marlborough, Fromberg must establish that his Constitutional rights were violated and that the City is responsible for that violation as the result of a municipal policy or unofficial custom or practice.  See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978).  A municipality "may not be sued under § 1983 for an injury inflicted solely by its employees or agents."  Id. at 694. Under Section 1983, local governments are responsible only for "their own illegal acts."  Connick v. Thompson, 563 U.S. 51, 60 (2011) (citations omitted); see also Kelley v. LaForce, 288 F.3d 1, 9 (1st Cir. 2002) (liability can be imposed on a local government only where that government's policy or custom is responsible for causing the constitutional violation or injury).  Here, the allegations in the complaint are insufficient because they fail to identify either an unconstitutional policy or unofficial custom or practice employed by the City of Marlborough.

V.     Motion for Preliminary Injunction

No preliminary injunction shall be issued without notice to the adverse party.  See Fed. R. Civ. P. 65(a)(1).  In ruling on a motion for a preliminary injunction, the court must consider: "(1) the movant's likelihood of success on the merits; (2) whether and to what extent the movant would suffer irreparable harm if the request were rejected; (3) the balance of hardships between the parties; and (4) any effects that the injunction or its denial would have on the public interest." Diaz-Carrasquillo v. Garcia-Padilla, 750 F.3d 7, 10 (1st Cir. 2014).

 Fromberg has not certified his efforts to give notice to the defendants of his request for injunctive relief or explained why such notice should not be required.  These failures are grounds, in and of themselves, for denial of the motion.  See, e.g., In re River Valley Fitness

One, LP, 297 B.R. 354, 355 (D. N.H. 2003) (denying injunctive relief where party did not submit verified complaint or affidavit).  Moreover, as discussed above, the complaint fails to state a claim upon which relief may be granted. Moreover, the allegations of harm are purely speculative.  See supra., § IV.  As a result, Fromberg is unable to demonstrate that he is likely to succeed on any of the claims in his complaint.   Fromberg cannot, therefore, assert a viable claim for preliminary injunctive relief in this matter.

VI.     Show Cause or File an Amended Complaint

If Fromberg wishes to pursue this action, he must show cause why his claims against the City of Marlborough should not be dismissed or file an amended complaint that clearly identifies who the defendants are, what each defendant did wrong, and the legal claim against each party. As an amended complaint completely supercedes the original complaint, see Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008), Fromberg should repeat in the amended complaint anything from the original complaint that he wishes to be part of the operative complaint.  In other words, in evaluating the sufficiency of the amended complaint, the court will not look to the original complaint.

The court also notes other provisions of the Federal Rules of Civil Procedure that are applicable to the drafting of a complaint.  The title of the amended complaint must name all the parties.  See Fed. R. Civ. P. 10(a).  The first page of the amended complaint should look similar to the first page of this order, except that instead of "City of Marlborough" being listed as the defendant–a defendant name the Clerk inserted for purposes of opening the case--Fromberg should list all of the defendants.  The document should also be entitled "Amended Complaint." The claims in the amended complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  Further, where a

6

plaintiff brings claims against more than one defendant in a single lawsuit, the claims must be limited to those "arising out of the same transaction, occurrence, or series of transactions or occurrences."  Fed. R. Civ. P. 20(a)(2)(A).

ORDER

Based upon the foregoing, it is it is hereby ORDERED that

1.  The motion for leave to proceed *in forma pauperis* (#2) is ALLOWED.

2.  The Marlborough Police Department is DISMISSED as a defendant.

3.  Plaintiff's Motion to Appoint Counsel (#3) is DENIED without prejudice.

4.  The claims against the City of Marlborough will be dismissed unless, within 35 days of the date of this Order, the plaintiff shows good cause in writing why the claims against this defendant should not be dismissed, or files an amended complaint.  Failure to comply with this Order will result in dismissal of the action.

5.  Plaintiff's Motion for Preliminary Injunction (#4) is DENIED.

SO ORDERED.

 January 4, 2016                            /s/ Leo T. Sorokin                               
DATE                                      LEO T. SOROKIN
                                          UNITED STATES DISTRICT JUDGE